SHARON RAE HODGES, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF DEBRA DEAN HODGES, DIANA DEE HODGES, CHERYL ANN HODGES, AND DONALD ARTHUR HODGES, APPELLANT, v. FLORENCE KOTECKI, GENERAL ADMINISTRATRIX OF THE ESTATE OF DORIS M. PARKER, ALSO KNOWN AS DORIS M. AUGUSZINE, RESPONDENT.

No. 6868

July 25, 1972                                        499 P.2d 354

[Rehearing denied August 21, 1972]

---

*R. Paul Sorenson,* of Las Vegas, for Appellant.

*Cromer & Barker* and *Kent W. Michaelson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In a related appeal we ruled, inter alia, that notice of an estate proceeding under the decedent's married name was not notice to wrongful death claimants who knew the decedent under a name she had assumed for professional purposes, and that closing of her estate did not preclude those claimants from thereafter asserting their claims. Kotecki v. Augusztiny, 87 Nev. 393, 487 P.2d 925 (1971). Following remittitur in 1971, the wrongful death claimants obtained the appointment of Kotecki as general administratrix of the decedent's estate, presented their claims, and sought to assert those claims through legal action by obtaining an order making the newly appointed general administratrix a party to an action they had previously sought to institute against the decedent in 1966, not knowing of her demise. Thereafter, relying on NRCP 41(e), the district court dismissed their action for failure to bring it on for trial within 5 years.

It is evident that in the circumstances disclosed by this record, until the new general administratrix was appointed, the wrongful death claimants did not have a viable defendant to whom claims could be presented, against whom an action could be instituted and proceed, and upon whom service of process could be had. The 5-year mandatory dismissal requirement of NRCP 41(e) does not touch this situation.

Reversed and remanded.